Benjamin Brenner, J.
Defendant husband moves to punish the plaintiff wife for her alleged contempt in removing the infant issue of the parties from the State. A judgment of separation granted to the defendant by this court awarded custody of the child to the plaintiff with visitation rights to the defendant. The defendant served a copy of the judgment upon the attorney for the plaintiff but no copy was served upon the plaintiff herself or her guardian ad litem.
The instant motion could not be brought under section 1172 of the Civil Practice Act which refers only to punishment of a husband for failure to make payment of money. Under that section, personal service upon the husband of an uncertified copy of an order or judgment directing the payment of moneys is sufficient for the commencement of contempt proceedings when a default in such payments has occurred. And it has been held that the failure to serve a copy of such an order or judgment personally upon the husband does not bar contempt proceedings under this section when a copy is served on his attorney and he has knowledge of or has partially complied with the order or judgment (Bishock v, Bishock, 280 App. Div, *936 830; Gould v. Gould, 133 N. Y. S. 2d 318; Silber v. Silber, 128 N. Y. S. 2d 181; Costalos v. Costalos, N. Y. L. J., Jan. 4, 1956, p. 7, col. 1).
However, a party who fails to comply with visitation provisions of a judgment may be punished only under section 505 of the Civil Practice Act which specifically provides that a judgment may be enforced by contempt ‘ ‘ by serving a certified copy thereof upon the party against whom it is rendered.” This requirement must be strictly adhered to and the fact that she may have knowledge of the judgment is immaterial (Matter of Eckert, 1 A D 2d 968; Pittsfield Nat. Bank v. Bayne, 21 N. Y. S. 561). The motion is therefore denied.
Submit order.